UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRADLEY LEE HINES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-01842-JPH-MJD |
| | ) |
| KYLE HAMILTON, | ) |
| JOE BECKER, | ) |
| CRAIG HAMILTON, | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Bradley Hines alleges that Connersville police officers violated the Fourth Amendment by using excessive force when they arrested him. The officers have filed a motion for summary judgment. For the reasons below, that motion is **GRANTED**. Dkt. [33].

I.
Facts and Background

Because the officers moved for summary judgment under Rule 56(a), the Court views and recites the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009). Mr. Hines has not responded to the officers' summary-judgment motion,[1] so the Court treats the

---

[1] Mr. Hines has submitted several filings since the officers filed their motion for summary judgment, *see* dkts. 39, 40, 41, 42, 46, 58, 60, but has not designated any evidence as required. *See* S.D. Ind. L.R. 56-1(e); 56-1(b).

1

officers' supported factual assertions as uncontested. *See Hinterberger v. City of Indianapolis*, 966 F.3d 523, 527 (7th Cir. 2020); S.D. Ind. L.R. 56-1(b), (f).

Bradley Hines resides at 611 W. 29th Street, Connersville, Indiana, with his mother, Pattie Hines. Dkt. 34-3 at 6 (Hines Dep.). For a brief period in August 2019, Mr. Hines's sister and niece, Michelle and Kayla Burch, were staying with Mr. Hines and his mother at the residence. *Id.* at 35–36.

On August 24, 2019, an altercation took place at the residence between Mr. Hines and the Burches. *Id.* at 36–37. Mr. Hines believed that his mother wanted the Burches to leave, so he attempted to physically remove them, pushing both women to the ground in the process. *Id.* Kayla then called the police. *Id.* Two Connersville Police officers—Kyle Miller and Joe Becker—responded to the call. *Id.* at 38; dkt. 34-1 at 2 (Probable Cause Affidavit ("PCA")). When they arrived, the Burches told the officers that Mr. Hines pushed them to the ground and attacked them with a vase. Dkt. 34-1 at 2 (PCA); dkt. 34-3 at 39–40 (Hines Dep.).

Officer Miller walked onto the front porch of the residence to question Mr. Hines about the altercation, but Mr. Hines refused to respond. Dkt. 34-1 at 2 (PCA). Ms. Hines then stepped onto the porch to speak with the officers and corroborated the Burches' story. *Id.* At this point, Mr. Hines was sitting in a lounge chair on the porch. *Id.* The officers instructed him to stand so they could arrest him, but he refused. *Id.*

The officers then tried to pull Mr. Hines up out of the chair, but he resisted by pulling his arms away. *Id.*; dkt. 34-3 at 46–48 (Hines Dep.). The

2

officers then forcefully pulled Mr. Hines from the chair and attempted to bring him to the ground while he continued to resist. Dkt. 34-1 at 2 (PCA). During the struggle, Mr. Hines and both officers fell forward off the front of the porch, and Mr. Hines landed face first on the paved front walkway. *Id.*; dkt. 34-3 at 54–56 (Hines Dep.). Mr. Hines broke his left eye socket, nose, and left shoulder. Dkt. 34-1 at 2 (PCA). The officers then put Mr. Hines in handcuffs and called an emergency services team to treat his injuries on scene. *Id.* After EMS treated Mr. Hines, the officers transported him to a hospital emergency room for further examination. *Id.*

Officer Miller then consulted his supervisor, Lieutenant Craig Hamilton, and they determined that Officer Miller would release Mr. Hines from custody so that he could obtain additional treatment. *Id.* at 2–3. They further decided that Officer Miller would seek a warrant for Mr. Hines's arrest. *Id.* at 3; *see generally* dkt. 34-1 (PCA). As a result of this incident, Mr. Hines was charged with and pled guilty to Resisting Law Enforcement, a Class A Misdemeanor. *See* dkt. 34-3 at 32–33 (Hines Dep.); dkt. 34-2 (Sentencing Order, Fayette Superior Court Case No. 21D01-1908-cm-629).

Mr. Hines filed this lawsuit alleging that Officers Miller and Becker and Lt. Hamilton used excessive force in violation of the Fourth Amendment and committed various state law torts including harassment and assault. The officers have moved for summary judgment. Dkt. 33.

## II.
## Applicable Law

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante*, 555 F.3d at 584 (citation omitted).

## III.
## Analysis

### A. Federal Claims

The officers argue that they are entitled to summary judgment because Mr. Hines's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck,* a § 1983 claim is barred if success on the claim would "necessarily imply the invalidity of" the plaintiff's underlying conviction or sentence. 512 U.S. at 486–87.

Mr. Hines did not respond to the officers' motion for summary judgment, but one of his filings states: "Pleading Guilty to a Resisting Charge holds no merits on the civil lawsuit of Police Brutality." Dkt. 58.

"[A] district court must dismiss a § 1983 action if a judgment in favor of the plaintiff in that § 1983 action would necessarily imply the invalidity of his criminal conviction or sentence." *Helman v. Duhaime*, 742 F.3d 760, 762 (7th Cir. 2014) (citing *Heck*, 512 U.S. at 487). "But if the claim, even if successful, will *not* demonstrate the invalidity of the conviction, then the § 1983 action should be allowed to proceed." *Id.* In the context of a Fourth Amendment excessive force claim brought by a person who has been convicted of resisting arrest, "the plaintiff can only proceed to the extent that the facts underlying the excessive force claim are not inconsistent with the essential facts supporting the conviction." *Id.* (citing *Evans v. Poskon*, 603 F.3d 362 (7th Cir. 2010)).

Here, Mr. Hines alleges that the officers used excessive force when they caused him to fall off the front of the porch and land face first on the pavement. Dkt. 11 at 6–7. The officers have designated evidence that Mr. Hines was physically resisting their efforts to detain him leading up to that fall, and that Mr. Hines's continued resistance caused him and the officers to all fall off the porch. Dkt. 34-1 at 2 (PCA). Based on these facts, Mr. Hines was charged with and pled guilty to Resisting Arrest. *See* dkt. 34-3 at 32–33 (Hines Dep.); dkt. 34-2 (Sentencing Order, Fayette Superior Court Case No. 21D01-1908-cm-629).

The statute that Mr. Hines was convicted of violating provides that "[a] person who knowingly or intentionally . . . forcibly resists, obstructs, or interferes with a law enforcement officer . . . while the officer is lawfully engaged in the execution of the officer's duties . . . commits resisting law enforcement." Ind. Code § 35-44.1-3-1(a)(1). An "officer is not 'lawfully engaged in the performance of his duties' if he is employing excessive force, and therefore a person who reasonably resists that force cannot be convicted under that provision." *Helman*, 742 F.3d at 763 (quoting *Shoultz v. State of Indiana*, 735 N.E.2d 818, 823–25 (Ind. App. 2000)). Thus, allowing Mr. Hines's excessive force claim to proceed "would necessarily imply the invalidity of his state court conviction for resisting law enforcement." *Id.*

In sum, Mr. Hines's claim that the officers used excessive force when they arrested him is inconsistent with the facts underlying his conviction for resisting law enforcement. And Mr. Hines has designated no evidence in response to the officers' motion for summary judgment. "Accordingly, under *Heck*, [Mr. Hines] may not pursue a § 1983 claim premised on that factual scenario," *id.*, and this case must be dismissed without prejudice,² *Raney v. Wisconsin*, 2022 WL 110276 *2 (7th Cir. Jan. 12, 2022) ("[A] claim barred by *Heck* must be dismissed *without* prejudice . . ..").

---

² The officers advance several other arguments in favor of summary judgment, but because Mr. Hines's claims are *Heck*-barred, those arguments are not addressed.

### B. State Claims

The officers argue that, because the only federal claim has been dismissed, the Court should decline to exercise supplemental jurisdiction over Mr. Hines's state law claims for harassment and assault. Dkt. 34 at 9.

"When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *RWJ Management Co., Inc. v. BP Products N. Am., Inc.*, 672 F.3d 476, 479 (7th Cir. 2012). "The presumption is rebuttable, but it should not be lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion into areas of purely state law." *Id.* The Seventh Circuit has identified three exceptions "that may displace the presumption":

> (1) the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is absolutely clear how the pendent claims can be decided.

*Id.* at 480.

None of those exceptions justify the Court continuing to exercise supplemental jurisdiction over the state law claims presented in this case. First, Mr. Hines has not argued that the Court should maintain jurisdiction because of statute of limitations concerns. *See Williams Elec. Games, Inc. v. Garrity*, 479 F.3d 904, 907 (7th Cir. 2007) (explaining that the statute of limitations may be tolled "to allow the plaintiff to refile the claim in state

7

court").  Second, substantial judicial resources have not been expended on this matter because there have been no contested motions[3] and the Court has not addressed the merits of any state-law claim.  *See RWJ*, 672 F.3d at 481.  Third, it is not "absolutely clear" how Mr. Hine's state law claims should be decided. If Mr. Hines's conviction were overturned in the future, he could potentially bring another action challenging the officers' conduct.  Moreover, his harassment claim is based on conduct that predated the incident underlying his federal claim, and therefore, has not been addressed in this Order.  *Howlett v. Hack*, 794 F.3d 721, 72 (7th Cir. 2015) ("[W]here the state-law claims have not been the focus of the litigation, the better practice is for the district court to relinquish its jurisdiction over them.").

The Court therefore declines to exercise supplemental jurisdiction over Mr. Hines's state law claims.  *See RWJ*, 672 F.3d at 479.

## IV.
## Conclusion

The officers' motion for summary judgment is **GRANTED** to the extent that Mr. Hines's federal claims are **dismissed without prejudice** under the *Heck*-bar.  Dkt. [33].  The Court declines to retain jurisdiction over Mr. Hines's state law claims, and those claims are **dismissed without prejudice**.  Mr. Hines's motion to dismiss the officer's motion for summary judgment is

---

[3] Mr. Hines's "Motion to Dismiss Defendant's Motion for Summary Judgment," dkt. 41, doesn't advance a cognizable legal argument, so the Court does not consider it a "contested motion" in evaluating whether it should continue to exercise jurisdiction over the state law claims.

8

**DENIED**. Dkt. [41]. The officer's motion to strike Mr. Hines's submission is **DENIED as moot**. Dkt. [48]. Final judgment will issue in a separate entry.

**SO ORDERED.**

Date: 8/16/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRADLEY LEE HINES
611 W. 29th St.
Connersville, IN 47331

Douglas Alan Hoffman
CARSON LLP
hoffman@carsonllp.com